UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                              )
ARLENE APPLEBAUM,                         )
    *Plaintiff,*                                          )
                                                              )
v.                                                          )
                                                              )
NATIONAL RAILROAD PASSENGER )
CORPORATION,                                   )
    *Defendant.*                                       )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of Action

1. This is a premises liability action for monetary damages brought by the plaintiff, Arlene Applebaum (the "Plaintiff"), against the defendant, National Railroad Passenger Corporation (hereinafter, AMTRAK"), for failing to safely maintain the vestibule entrance of the AMTRAK train that was at the time owned and operated by the defendant.

### Subject Matter Jurisdiction

2. Pursuant to 28 U.S.C. § 1332(a), the United States District Court for the District of Massachusetts has jurisdiction to hear this matter based upon a grant of diversity jurisdiction and the matter in controversy exceeding the value of $75,000.00.

3. As is detailed below, the amount in controversy exceeds $75,000.00 and complete diversity exists as the plaintiff and defendant are domiciled in different states.

4. As is detailed below, (a) plaintiff is a citizen of New York; and, (b) defendant is a foreign corporation with a business address of Amtrak law Department, 5th Floor, Washington, District of Columbia, 20001 and a registered agent address of CT

COLUCCI,
COLUCCI,
MARCUS &
FLAVIN, P.C.
424 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-3001

Corporation System 1015 15th St. NW, Suite 1000, Washington, District of Columbia, 20005.

5. Because neither plaintiff nor defendant are domiciled in Massachusetts, but the accident occurred here, the requirement for diversity jurisdiction is met.

### Parties

11. The plaintiff, Arlene Applebaum, is a natural person domiciled in and is a citizen of New York who resides at 2274 Hendrickson Street, Brooklyn, NY 11234.

12. The defendant, National Passenger Railroad Company, is a foreign corporation with a business address of Amtrak law Department, 5th Floor, Washington, District of Columbia, 20001 and a registered agent address of CT Corporation System 1015 15th St. NW, Suite 1000, Washington, District of Columbia, 20005.

### Factual Allegations

13. On or about September 3, 2017, the plaintiff was entering the AMTRAK train vestibule located at the Route 128 Amtrak Station located in Westwood, Massachusetts.

14. At all times material and relevant, the defendant operated and maintained the AMTRAK train, (hereinafter the "premises"), that was boarding at the time of the incident.

15. On the date of the incident, it was raining, and the floors and stairs of the AMTRAK train had become quite wet.

16. The plaintiff stepped forward onto the vestibule on the train when she fell. The floor of the train was slippery and extremely dangerous when wet.

17. The plaintiff suffered injuries which including a left ankle fracture which required surgery.

*COLUCCI,*
*COLUCCI,*
*MARCUS &*
*FLAVIN, P.C.*
424 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-3001

2

18. Upon information and belief, the plaintiff has accumulated more than $100,000 in medical bills and her left ankle has never fully recovered to this day.

## Count One
### (Negligence)

19. The plaintiff repeats and restates all of the allegations contained in paragraphs one through eighteen above, as if expressly rewritten and set forth herein.

20. The defendant owed a duty of reasonable care to the plaintiff to maintain the premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to the plaintiff, the seriousness of her injury, and the burden of avoiding the risk.

21. The defendant owed a duty to warn the plaintiff of any unreasonable dangers upon the premises of which the defendant was or reasonably should have been aware.

22. The defendant negligently failed to remedy the dangerous and defective conditions upon the premises that caused the plaintiff's injuries.

23. The defendant negligently failed to warn the plaintiff of the dangerous and defective conditions on the premises that caused her injury.

24. As a direct and proximate cause of the defendant's negligence, the plaintiff has suffered physical, emotional and mental injuries, some or all of which are permanent in nature.

25. As a direct and proximate cause of the defendant's negligence, the plaintiff has incurred past expenses for medical care and treatment and will incur expenses in the future for medical care and treatment and has suffered an impairment of her earning capacity.

*COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.*
424 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-3001

26. As a direct and proximate cause of the defendant's negligence, the plaintiff's capacity to enjoy life has been diminished, and she has in the past and will in the future experience physical pain and suffering and mental anguish on account of her injuries.

**WHEREFORE**, the plaintiff demands judgment against the defendant for the above-described damages to the plaintiff, together with interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
The Plaintiff, ARLENE APPLEBAUM,
By her Attorneys,

**COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.**

_/s/ Dino M. Colucci_
Dino M. Colucci (BBO #552331)
dino@coluccilaw.com
424 Adams Street
Milton, MA 02186
Tel: (617) 698-6000
Fax: (617) 698-3001

Dated: August 31, 2020

*COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.*
424 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-3001

4